Argued February 8, affirmed February 27, 1963

# STATE HIGHWAY COMMISSION *v.* NORTH-WESTERN ICE AND COLD STORAGE COMPANY

378 P. 2d 995

*Stewart M. Whipple,* Portland, argued the cause for appellant. With him on the brief were Seitz, Easley & Whipple, Portland.

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and L. I. Lindas, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

Defendant appeals from a verdict and judgment in a condemnation action which was favorable to plaintiff. The taking from defendant was a small part of its total property. The issues presented to the trial court and which form the questions on appeal relate to the damage to the remainder of plaintiff's property.

There are five assignments of error. The first relates to a requested instruction not given. The request did not accurately state the law in respect to damage to property not taken. The court did give an instruction on the subject which was more comprehensive and would have been more clear and understandable to the jury than the one requested, even if the request had been correct.

The next two assignments are directed at instructions given. Assignment two questions an instruction in which the court told the jury the date upon which it should determine the "fair cash market value and the damage to the remainder, if any." In other words, it was a formal instruction telling of the date of taking. Defendant here attempts to read into the instruction a meaning clearly not intended by the able trial judge. The court, in this instance, also, otherwise explained to the jury in plain language the subject matter defendant now complains of.

■ By its third assignment, defendant attempts to show that the court unduly emphasized defendant's burden of proof in establishing its allegation of fair market value as of the date of taking. The mere repetition of certain language of the instructions certainly did not cause error. *Sine v. Mehlhorn,* 1942, 168 Or 688, 126 P2d 853.

■ The last two assignments relate to the refusal of the court to admit testimony relating to a loading platform that was used as a partial substitute for loading platforms where use had been impaired by the taking and to the court's failure to admit into evidence pictures of the substitute platform. To the extent that this evidence had any meaning or relevance other evidence was already in the record in regard thereto when the questioned rulings were made. Defendant could not have been prejudiced by the court's rulings for even by reading the record the purport of the evidence is confusing. This trial was somewhat lengthy and the evidence and issues submitted to the trial court were complicated. The court tried the case with meticulous care. This appeal lacks merit.

Affirmed.