Argued April 30, affirmed November 29, 1973

## LAURIE, *Appellant, v.* PATTON HOME FOR THE FRIENDLESS, *Respondent.*

516 P2d 76

*Norman L. Lindstedt,* Portland, argued the cause for appellant. With him on the brief were Richard O. Nesting, and Buss, Leichner, Lindstedt & Barker, Portland.

*Bruce Spaulding,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

BRYSON, J.

This is an action at law to recover damages for personal injuries received by plaintiff while a resident at defendant's "Home." Plaintiff contends that defendant failed to provide protection for its residents and that an intruder broke into the Patton Home and attacked her. Judgment was entered for defendant pursuant to a jury verdict. Plaintiff appeals.

The plaintiff alleged that the proximate cause of plaintiff's injuries was the negligence of the defendant:

"(1) In failing to provide protection for residents of defendant home against unauthorized intruders.

"* * * * *

"(3) In failing to have sufficient attendants and personnel on duty at said time and place to provide proper protection and care for plaintiff and paying guests."

Plaintiff also alleged that ordinance No. 23.246 of the city of Portland provided, in part, as follows:

"23.246: Number and Qualifications of Personnel. All personnel directly involved in caring for the aged resident persons in homes licensed under ORS 442.005 to 442.990 shall be of suitable temperament and understand the needs of aged persons. Their number shall be adequate to insure proper protection and care for all guests at all times."

The court granted defendant's motion to strike plaintiff's third allegation of negligence and submitted the case to the jury on the first allegation. Plaintiff assigns this as error.

The first allegation of negligence charges a breach of defendant's common-law duty to provide plaintiff reasonable protection against intruders. Plaintiff seems to contend that ordinance No. 23.246 requires an absolute duty on the part of the defendant to provide enough personnel to insure plaintiff protection against intruders and that the third allegation of negligence is meant to state a breach of a legal duty imposed by ordinance.

■ We interpret the ordinance to restate the common-law duty to provide reasonable protection. In *Ray*

*v. Anderson,* 240 Or 619, 621, 403 P2d 372 (1965), we similarly interpreted a provision in the motor vehicle code that was open to the literal interpretation that it imposed an absolute duty. ORS 483.126 (1) then provided, in part:

> "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. * * *"

In *Ray v. Anderson, supra,* in interpreting this statute, we stated:

> "* * * [T]he statute does not mean that the person takes this action at his peril. If, upon looking, it would appear to a reasonably prudent person that such action could be safely taken, he would not be guilty of negligence as the statute would not be violated. * * *"

■ Inasmuch as plaintiff's third allegation of negligence was repetitious of the first, that is, the defendant breached its common-law duty to provide reasonable protection, no error was committed in striking it.

■ The plaintiff also contends that the trial court erred in not giving a requested jury instruction on negligence per se, Oregon Uniform Jury Instruction No. 10.03. As the ordinance merely restated the common-law duty of reasonable care, the negligence per se instruction was not applicable and the court did not err in refusing to give this instruction.[1]

Plaintiff also contends that the trial court erred "in repeating and re-emphasizing the defendant's instruction regarding its theory of defense." In giving one of the defendant's requested instructions, the trial court inadvertently added words to the instruction that

---

[1] For this reason, we need not discuss this case in the context of Freund v. DeBuse, 264 Or 447, 506 P2d 491 (1973).

would have changed the instruction's significance. When this error was called to the court's attention the instruction was given in the correct language, as originally requested.

The court has the duty to instruct the jury correctly and should not over-emphasize either party's theory of the case. However, "mere repetition of certain language of the instruction" does not constitute reversible error. *Hwy. Com. v. N. W. Ice & Cold Storage Co.,* 233 Or 497, 499, 378 P2d 995 (1963); *Ballard v. Rickabaugh Orchards, Inc.,* 259 Or 200, 209, 485 P2d 1080 (1971).

Affirmed.