VAN OSDOL,
*Appellant,*

*v.*

KNAPPTON CORPORATION,
*Respondent.*

(A8401-00492; CA A33656)

699 P2d 1176

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the brief were Frank Pozzi and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Cynthnia S. C. Shanahan, Portland, argued the cause for respondent. With her on the brief were Richard J. Kuhn and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a personal injury action arising out of a collision between plaintiff's car and one driven by defendant Eubanks. Plaintiff joined Knappton Corporation, Eubank's employer, as a defendant on a theory of *respondeat superior.* The court granted Knappton's motion for summary judgment, holding that the facts demonstrated as a matter of law that the doctrine is not applicable. Finding no just reason for delay, the court then directed entry of judgment for Knappton. ORCP 67B. Plaintiff appeals. We reverse.

Plaintiff was injured in a collision between his car and one driven by Eubanks while Eubanks was on his way from his home in Castle Rock, Washington, to work at Knappton's Astoria facility. The accident occurred at approximately 6:45 a.m. at a point west of Rainier, Eubanks' usual place of employment. Eubanks, a dispatcher, was on his way to Astoria to fill in for one of Knappton's regular Astoria employes who was on vacation. He had made the trip daily for four days. The trip took Eubanks through Rainier. Knappton was paying Eubanks twenty cents per mile for the use of his car between Rainier and Astoria; he was not reimbursed for his travel between Rainier and Castle Rock.

When Eubanks worked in Rainier, he worked either the 6 a.m.-2 p.m., or 2 p.m.-10 p.m. shift. His Astoria work hours began, he testified on deposition, whenever he arrived—usually by 7 a.m.—and concluded when the day's work was finished.

Eubanks' immediate supervisor at Knappton, Shrives, testified by affidavit to the following pertinent facts:

"At the time of the automobile accident, at approximately 6:45 a.m. on March 4, 1983, Mr. Eubanks was on no errand for Knappton and was not within his normal working hours. His normal working hours as dispatcher in Astoria were from 7 a.m. until he completed his job. Usually, he was done by 5:00 or 6:00 p.m. Knappton had no interest in how Mr. Eubanks arrived at the Astoria office. He was merely to arrive there by transportation of his own choosing. His duties for Knappton did not begin until he reached the Astoria office.

"It is my understanding that the accident involving [plaintiff] occurred approximately 15 miles east of Astoria at the Knappa road junction. The site where the accident occurred is

not the Knappton premises. At the time of this accident, Mr. Eubanks was not subject to my control or the control of Knappton Corporation in connection with his communiting to Astoria."

On the basis of the foregoing, the trial judge granted summary judgment to Knappton.

The Supreme Court's statement concerning the doctrine of *respondeat superior* in *Stanfield v. Laccoarce,* 284 Or 651, 654-55, 588 P2d 1271 (1978), applies here:

"Under the doctrine of respondeat superior, an employer is liable for the torts of his employee when the employee is acting within the scope of his employment. *United Pac. Ins. v. Truck Ins. Exch.,* 273 Or 283, 541 P2d 448 (1975). In deciding whether an employee was acing within the scope of his employment, the factors to be considered are whether the act in question is of a kind the employee was hired to perform, whether the act occurred substantially within the authorized limits of time and space, and whether the employee was motivated, at least in part, by a purpose to serve the employer. *Gossett v. Simonson,* 243 Or 16, 24, 411 P2d 277 (1966), *quoting* Restatement (Second) of Agency § 228 (1958). The scope of employment limitation is designed to ensure that employers will be held liable only for harm resulting from activity from which they were receiving the benefit. '[T]he ultimate question is whether or not it is just that the loss resulting from the servant's acts should be considered as one of the normal risks to be borne by the business in which the servant is employed.' Restatement (Second) of Agency § 229, Comment a (1958). Consequently, we have held that the question of whether or not an employee has acted within the scope of his employment at any given time is normally a question for the jury, except in cases where only one reasonable conclusion can be drawn from the facts. *Gossett v. Simonson, supra; Kowaleski v. Kowaleski,* 235 Or 454, 385 P2d 611 (1963). This is not a case in which only one reasonable conclusion can be drawn from the facts."

In this case, and in spite of Shrives' testimony—some of it only legal conclusions—to the contrary, a jury could find that Eubanks' trip was at his employer's direction and on his employer's business. The fact that he was away from his usual place of business and was being paid for his mileage, together with the fact that the accident occurred at a time when, had he been at his usual place of work, Eubanks would have been on

the job, would support such a conclusion. Summary judgment was inappropriate.

Reversed and remanded.