Argued and submitted February 14, reversed and remanded in part and dismissed in part October 29, 1986, reconsideration denied January 16, petition for review allowed February 18, 1987 (302 Or 614)

## CHESTERMAN,
*Appellant,*

*v.*

## BARMON et al,
*Respondents.*

## (82-0538C; CA A35388)

727 P2d 130

Lawrence Matasar, Portland, argued the cause for appellant. With him on the briefs was Hoffman, Matasar & Glaeser, Portland.

Michael A. Lehner, Portland, argued the cause for respondents. With him on the brief were Barry F. Shanks, and Mitchell, Lang & Smith, Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff brought this personal injury action, alleging, *inter alia,* liability of Construction 80, Inc. (defendant), for negligent retention of an employe (Barmon) and vicarious liability for Barmon's actions. Defendant moved for summary judgment, which the trial court granted. Plaintiff appeals.[1] We reverse and remand.

Barmon was president of defendant and had been president of Lexington Construction, Inc. He was responsible for placing bids for construction jobs and deploying the necessary employes to carry out the work. On the evening of April 2, 1981, at about 8:30, he met with potential customers concerning an addition to their house. After he had drawn up the floor plan and discussed the project, it was about 10:30 or 11 p.m. He had been suffering from depression as well as having difficulties with his work. He had obtained two separate kinds of illegal drugs from a friend, who called some of the pills "chocolate mescaline" and the others "speed." Barmon had been taking the speed at work for about two weeks. He felt that the pills, in his words, "gave me energy to get through the day."

He wanted to complete working up the bid that night. While standing in the potential customers' yard, working on the bid, he took one of the mescaline pills. He then drove to a store about a mile away and phoned his wife to tell her that he was going to their boat to work on the bid. He had worked late at night on the boat on other occasions. He got in his truck and began driving but was not then sure to where he was driving. As he drove, he began hallucinating. Unable to drive safely, he stopped and got out of the truck. He had stopped near a house where a friend had once lived. Everthing was dark in the house, except for a light in the bedroom window. When he looked in the window, he saw plaintiff, whom he had not previously met. He forced his way into the house and raped her. He was convicted of rape, sexual abuse and burglary.

---

[1] Summary judgment was entered in favor of defendant only pursuant to ORCP 67B. Barmon is named as a respondent in the notice of appeal, even though no judgment has been entered against him. As to Barmon, the appeal is dismissed.

Plaintiff's first claim against defendant is for negligent retention of Barmon when it knew of his depression and drug use on the job. On defendant's motion for summary judgment, the trial court held that failure to terminate Barmon "was not negligent as a matter of law, and even if negligent, did not cause plaintiff's injury." In the remaining four claims, plaintiff alleges that defendant and Lexington Construction are vicariously liable for Barmon's trespass, batteries and outrageous conduct. The trial court also granted defendant's motion for summary judgment on those claims, finding that "Barmon was not acting within the course and scope of his employment." There is no material dispute about what Barmon did.

The Supreme Court has previously recognized that an employer can be found negligent for hiring or retaining an employe. *Hansen v. Cohen et al,* 203 Or 157, 276 P2d 391, 278 P2d 898 (1955). Generally, "[t]o state a cause of action in negligence, [a] plaintiff must allege that [the] defendant owed * * * a duty, that [the] defendant breached that duty, and that the breach was the cause in fact of some legally cognizable damage to [the] plaintiff." *Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979). It is undisputed that Barmon was an employe. It is also undisputed that he committed intentional tortious acts against plaintiff. In addition, defendant concedes that it is chargeable with knowledge that Barmon was taking drugs at work. The parties dispute, however, whether defendant owed a duty to plaintiff.

An employer whose employes come into contact with members of the public during their employment is responsible for exercising a duty of reasonable care in the selection or retention of its employees. *Hansen v. Cohen et al, supra,* 203 Or at 160-61. Liability is for negligently placing an employe with known dangerous propensities, or dangerous propensities which could have been discovered by a reasonable investigation, in a position where it is foreseeable that he could injure the plaintiff in the course of the work. The duty to use reasonable care in hiring or retaining employes arises because it is foreseeable that the employe, in carrying out his employment, may pose an unreasonable risk of injury to others. *See Cain v. Rijken,* 300 Or 706, 714-15, 717 P2d 140 (1986).

To establish that defendant owed plaintiff a duty to

use reasonable care in retaining Barmon, she would have to show that it was reasonably foreseeable that she would come into contact with him as a result of his employment. We conclude, as a matter of law, that the trial court was correct in granting defendant's motion for summary judgment on the negligent retention claim. *See Stewart v. Jefferson Plywood Co.,* 255 Or 603, 609-10, 469 P2d 763 (1970). Plaintiff has not shown that defendant owed her a duty of reasonable care in retaining Barmon as an employe. If he posed an unreasonable risk of injury to anyone, because of his employment, it was only to clients or potential clients of defendant. Plaintiff had not been involved in any relationship with defendant or its employes up to the moment of Barmon's trespass. She has not shown that it was reasonably foreseeable that she would come into contact with Barmon as a result of his employment by defendant. Defendant cannot be held to any duty toward her in these circumstances.

■     Plaintiff alleged that defendant and Lexington Construction were vicariously liable for the acts of Barmon, even if defendant was not independently negligent. In order to hold defendant vicariously liable, plaintiff must establish that Barmon was acting within the scope of his employment. *Stanfield v. Laccoarce,* 284 Or at 651, 654, 588 P2d 1271 (1978). Whether an employe has acted within the scope of employment at any given time is generally a question for the trier of fact, except in cases where only one reasonable conclusion can be drawn from the facts. *Gossett v. Simonson,* 243 Or 16, 24, 411 P2d 277 (1966).

The parties disagree about what act or acts of Barmon's should be examined to determine whether he was acting within the scope of his employment. Plaintiff argues that his acts of ingesting hallucinogenic drugs while at work and thereafter entering plaintiff's home are the acts on which the court should focus on the question of scope of employment. Defendant responds that the determination should be made by examining only Barmon's acts that directly harmed plaintiff, the trespass and the batteries. We agree with plaintiff.

■     The harm-producing activity must have been in the furtherance of the employer's business. *Gossett v. Simonson, supra,* 243 Or at 24. In reviewing the grant of summary judgment we have to determine whether there are triable

issues of fact about whether Barmon's ingesting the halluci-nogenic matter was within the scope of his employment and was part of the chain of causation that led to plaintiff's injury.[2] Prosser notes that acts are within the scope of employment if they are so closely connected with what the employe is hired to do that they may be regarded as methods of carrying out the objectives of employment. Prosser and Keeton, *Torts* 502, § 70 (5th ed 1984). Oregon case law has established a three part test to determine whether an employe is acting within the scope of employment: 1) whether the conduct of which the act in question is a part is of a kind the employe was hired to perform; 2) whether the act occurred substantially within the authorized limits of time and space; and 3) whether the employe was motivated, at least in part, by a purpose to serve the employer. *Stanfield v. Laccoarce, supra,* 284 Or at 655.

■        Analyzing the facts of this case under that test, we conclude that a jury could reasonably conclude that Barmon was acting within the scope of his employment when he ingested the drug. He was employed to prepare bids for construction jobs. He testified that he took the drug, because "I started dropping into this depression, and it was really imperative that I stay with this bid and get my figures together, and I wound up taking out the pills." Although he was not hired to take drugs on the job, a jury could infer that he took drugs as an intended aid for carrying out the job he was employed to perform. It was approximately 11 p.m. when he took the drug. He was at potential customers' home

---

[2] *But see Sievers v. United States,* 194 F Supp 608 (D Or 1961); *Fogelsong v. Jarman,* 168 Or 177, 183, 121 P2d 924 (1942). The rule of those cases states:

"[A]s a general rule, the employer is not liable for the acts of an employee unless it can be shown that the relationship of master and servant existed *at the time* the damage was done and that the employee was *then* acting within the course of his [sic] employment." (Emphasis in original.) *Sievers v. United States, supra,* 194 F Supp at 611.

That rule is appropriate in most cases, because the negligence of an employe and the resulting injury to a plaintiff are usually simultaneous. Yet, when the injury to the plaintiff does not result until sometime after the employe's negligence, as in this case, it is not a proper rule. An employer should be vicariously liable for damages which are a natural and direct result of its employe's negligence while acting within the scope of employment, whether the damage occurs simultaneously with the employe's negligence or sometime later.

working on a bid. His wife testified that, on numerous occasions, he had stayed up late to do his work. Therefore, it could also reasonably be inferred that the act in question occurred substantially within the authorized limits of time and space of the employment. Further, a reasonable jury could infer from Barmon's testimony that he was motivated to take the drug, at least in part, by a purpose to serve the employer by staying up to finish the bid. Finally, the causation question is clearly one for the jury.

We conclude the trial court erred in granting defendant's motion for summary judgment on the vicarious liability claims. More than one reasonable conclusion could be drawn from the facts. There was sufficient evidence to present jury questions as to whether Barmon was acting within the scope of his employment when he ingested the mescaline and whether that act was a legal cause of plaintiff's injury.

Reversed and remanded as to Construction 80, Inc.; appeal dismissed as to Barmon.