Argued and submitted October 28, affirmed December 9, 1987, reconsideration denied January 15, petition for review allowed February 9, 1988 (305 Or 102)

**G.L.,**
*Appellant,*

*v.*

**KAISER FOUNDATION HOSPITALS, INC.,**
*Respondent.*

(A8309-05835; CA A40470)

746 P2d 731

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the briefs were Frank Pozzi, Diana Craine and Possi, Wilson, Atchison, O'Leary & Conboy, Portland.

John R. Faust, Jr., Portland, argued the cause for respondent. With him on the brief were Mildred J. Carmack and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff was sexually assaulted by an employe of defendant while she was a patient at a hospital which it operates. She contended that defendant impliedly "contracted to provide adequate care, safety, treatment and security for [her] while she was an inpatient," that defendant is strictly liable for its employe's intentional tort and that defendant was negligent, in that it knew or should have known of the employe's propensities and failed to take protective action. The trial court struck the implied contract and strict liability claims, apparently on the ground that, as a matter of law, liability could not be predicated on those theories. The negligence claim was then tried to a jury, which found for defendant. Plaintiff appeals and assigns error only to the striking of the implied contract and strict liability claims.

The parties agree that Oregon appellate courts have not decided whether a hospital can be held liable for an intentional tort committed by an employe against a patient when, as here, the employe was acting outside the course and scope of his employment and the hospital was not independently negligent. Plaintiff contends that the question is therefore an open one. Defendant is of the contrary view that the courts' decisions in cases where the liability of employers for their employes' intentional torts has been based on the employers' negligence define the outer limit of liability and that neither plaintiff's strict liability nor her implied contract theories are tenable in the light of those decisions.

The Oregon cases which the parties discuss fall into two categories: those relating to employer responsibility for assaults and other crimes by employes, and those delineating the duty which businesses such as hospitals, hotels and common carriers owe the public. *Chesterman v. Barmon,* 82 Or App 1, 727 P2d 130 (1986), *rev allowed* 302 Or 614 (1987), is characteristic of the first category. The plaintiff there was raped by the defendant's employe, who forced his way into the plaintiff's house after taking drugs while at work. The plaintiff claimed, *inter alia,* that the employer was negligent in retaining the employe. We stated:

> "An employer whose employes come into contact with members of the public during their employment is responsible for exercising a duty of reasonable care in the selection or

retention of its employes. *Hansen v. Cohen et al,* [203 Or 157, 160-61, 276 P2d 391, 278 P2d 898 (1954)]. Liability is for negligently placing an employe with known dangerous propensities, or dangerous propensities which could have been discovered by a reasonable investigation, in a position where it is foreseeable that he could injure the plaintiff in the course of the work. The duty to use reasonable care in hiring or retaining employes arises because it is foreseeable that the employe, in carrying out his employment, may pose an unreasonable risk of injury to others. *See Cain v. Rijken,* 300 Or 706, 714-15, 717 P2d 140 (1986)." 82 Or App at 4.

We then applied that test and held that:

"Plaintiff has not shown that defendant owed her a duty of reasonable care in retaining Barmon as an employe. If he posed an unreasonable risk of injury to anyone, because of his employment, it was only to clients or potential clients of defendant. Plaintiff had not been involved in any relationship with defendant or its employes up to the moment of Barmon's trespass. She has not shown that it was reasonably foreseeable that she would come into contact with Barmon as a result of his employment by defendant. Defendant cannot be held to any duty toward her in these circumstances." 82 Or App at 5.

In *Torres v. United States Nat. Bank,* 65 Or App 207, 670 P2d 230, *rev den* 296 Or 237 (1983), we held that the plaintiff, a customer of the bank, stated a negligence claim against it, arising out of his being robbed and injured at the bank's night depository. We explained:

"Defendant argues that the complaint fails to allege facts which show a duty on its part to protect plaintiff against the criminal acts of third parties. Ordinarily an individual is under no duty to protect another from the criminal acts of a third party *.* * * and may reasonably proceed on the assumption that others will obey the criminal law. * * *

"A possessor of land, however, may be under a duty to protect his business invitees from criminal acts of third parties. * * *

"'* * * * *

"Plaintiff's allegations here are sufficient to plead that defendant had a duty to provide a reasonably safe place for its patrons to use the night depository and to exercise reasonable care to protect them from foreseeable dangers.

"The complaint also states facts which, if proven, could establish that defendant should reasonably have anticipated

criminal conduct against its invitees. If evidence is produced that, due to 'the place or character of his business, or his past experience,' a defendant could reasonably foresee that a plaintiff's safety may be endangered, a defendant may be under duty to take precautions against such hazards. Restatement (Second) of Torts § 344, comment *f* (1965). Plaintiff may be able to introduce evidence that would enable the trier of fact to find that defendant should have foreseen the likelihood of harm." 65 Or App at 210-14. (Citations omitted.)

The second category of Oregon cases which the parties discuss is exemplified by *Laurie v. The Patton Home,* 267 Or 221, 516 P2d 76 (1973). The plaintiff was a resident of the defendant home for the aged, and she brought a negligence action for injuries suffered when an intruder broke into the home and attacked her. In addition to her allegations of common law negligence, she relied on a Portland ordinance which required homes for the aged to have personnel "adequate to insure proper protection and care for all guests at all times." In affirming the trial court's striking of the allegations pertaining to the ordinance, the court said,

"The first allegation of negligence charges a breach of defendant's common-law duty to provide plaintiff reasonable protection against intruders. Plaintiff seems to contend that ordinance No. 23.246 requires an absolute duty on the part of the defendant to provide enough personnel to insure plaintiff protection against intruders and that the third allegation of negligence is meant to state a breach of a legal duty imposed by ordinance.

"We interpret the ordinance to restate the common-law duty to provide reasonable protection. In *Ray v. Anderson,* 240 Or 619, 621, 403 P2d 372 (1965), we similarly interpreted a provision in the motor vehicle code that was open to the literal interpretation that it imposed an absolute duty. ORS 483.126(1) then provided, in part:

" 'The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. * * *'

"In *Ray v. Anderson, supra,* in interpreting this statute we stated:

" '* * * [T]he statute does not mean that the person takes this action at his peril. If, upon looking, it would appear to a reasonably prudent person that such action

could be safely taken, he would not be guilty of negligence as the statute would not be violated. * * *'

"Inasmuch as plaintiff's third allegation of negligence was repetitious of the first, that is, the defendant breached its common-law duty to provide reasonable protection, no error was committed in striking it." 267 Or at 223-24.

*See also, e.g., Doherty v. Arcade Hotel,* 170 Or 374, 382, 134 P2d 118 (1943) ("hotelkeeper was not an insurer of [guest's] safety, and * * * owed him no greater duty than that of exercising reasonable care to assure his safety"); *Richardson v. Portland T. Car Co.,* 113 Or 544, 547-48, 233 P 540 (1925), *overruled on other grounds, Simpson v. The Gray Line Co.,* 226 Or 71, 75, 358 P2d 516 (1961) (similar principle expressed with respect to common carrier).

Plaintiff argues that the foregoing cases and the other Oregon decisions discussed by the parties establish negligence as a basis for liability but do not exclude other possible bases for holding employers liable, such as her strict liability and implied contract theories. She then contends that, as a matter of policy, a hospital should be held to an absolute standard in safeguarding its patients from intentional injurious conduct by its employes. Plaintiff relies on cases from other jurisdictions and various sections from and comments in both the Restatement of Torts and Restatement of Agency. Defendant argues that the Oregon cases are implicitly contrary to plaintiff's contention that an employer which is not itself negligent *can* be held liable for the torts of an employe acting outside the scope of his employment. Defendant also contends that the legislature, rather than the courts, is the appropriate body to determine the policy question of whether hospital liability should be extended in the way plaintiff suggests.

■ ■ We agree with defendant. Although neither the Supreme Court nor we have expressly decided whether an employer's liability for its employe's intentional torts may be grounded on something other than the employer's negligence or culpability, our decisions have emphasized that the employer's responsibility only arises when it is negligent or when the employe's act is within the scope of his employment. *See Chesterman v. Barmon, supra,* 84 Or App at 5-6, and authorities there cited. Plaintiff's strict liability theory is at odds with that principle. Her implied contract theory is also

contrary to principles which are implicit in the case law. In essence, what she proposes is to eliminate the negligence standard described in *Laurie v. The Patton Home, supra,* and to replace it with an absolute liability standard through the artifice of placing a contract label on what is inherently a matter of tort law.

We also agree with defendant that the extension of the grounds for hospital liability which plaintiff proposes is an issue for the legislature. Plaintiff argues:

> "There is no reason why a hospital should be held to a lesser standard of liability than a hotel owes to its guests, especially since a hospital is a special kind of hotel. In regulating hotels, the Oregon legislature has not addressed itself to personal injury cases, but has provided, in ORS 699.010:
>
> " '* * * Every innkeeper or hotelkeeper is liable for the loss of any property of a guest in the inn or hotel, whether or not the property has been accepted for safekeeping as provided in this section, *if the loss is due to the theft* or negligence *of* the innkeeper, hotelkeeper or *any of the servants of the innkeeper or hotelkeeper.'*
>
> "Accordingly, the idea conveyed by the defendant's brief, that an innkeeper is not responsible for the crimes of its employees or owes only a duty to 'exercise reasonable care' is incorrect to the extent the state legislature has addressed the issue at all." (Emphasis plaintiff's.)

The reason why hotelkeepers are held to a strict liability standard for thefts by their employes is that the *legislature* has so provided. It has not done so with respect to the responsibility of hospitals for the safety of their patients.

Plaintiff relies on *Hungerford v. Portland Sanitarium,* 235 Or 412, 384 P2d 1009 (1963), for the proposition that it is more appropriately a judicial rather than a legislative function to adopt her proposed expansion of hospital liability. Her reliance is misplaced. In *Hungerford,* the court abolished the doctrine of charitable immunity for hospitals. However, that doctrine had been judicially created, and the court noted that "it is neither realistic nor consistent with the common-law tradition to wait upon the legislature to correct an outmoded rule of *case law.*" 235 Or at 414. (Emphasis supplied.) Here, conversely, plaintiff does not ask us to correct what the cases have said, but to supplement them with new remedies

that are highly contingent on the types of policy considerations which are best entrusted to the legislature.

Plaintiff makes no assignments of error relating to her negligence claim, and nothing in this opinion is meant as a comment on the negligence standards to which hospitals should be held in connection with intentional torts by employes against patients. We note that much of the relevant case law turns on the concept of "duty." Whether and to what extent those cases remain authoritative for negligence law after *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), are questions which plaintiff's arguments do not call upon us to decide. We also note that plaintiff does not question that the employe's tort was outside the scope of his employment. We therefore do not address that issue.[1] *See Stanfield v. Laccoarce*, 284 Or 651, 655, 588 P2d 1271 (1978).

Affirmed.

---

[1] We do not imply that plaintiff should have raised that issue. Depending on how the parties formulated the issues in connection with the negligence claim, the scope of employment question either was or could have been resolved as a matter of fact by the jury.