Argued and submitted February 17, reversed and remanded with instructions June 15, reconsideration denied August 5, petition for review denied August 30, 1988
(306 Or 528)

# VAN OSDOL,
*Appellant,*

*v.*

# KNAPPTON CORPORATION,
*Respondent.*

## (A8401-00492; CA A41879)

755 P2d 744

Raymond L. Conboy, Portland, argued the cause for appellant. With him on the brief were Jan Thomas Baisch and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

John R. Faust, Jr., Portland, argued the cause for respondent. With him on the brief were Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., dissenting.

## ROSSMAN, J.

This action is before us for the second time. In the previous appeal, 73 Or App 684, 699 P2d 1176 (1985), Knappton Corporation (Knappton) had been granted a summary judgment on the ground that *respondeat superior* did not apply and, therefore, that it was not liable for the negligence of its employe, Eubanks. We reversed. On remand, the trial court denied plaintiff's motion for directed verdict on his claim against Knappton, and the jury found for Knappton. Plaintiff appeals, contending that the court erred in denying his motion for a directed verdict. We reverse with instructions to grant plaintiff's motion.

The facts were undisputed on the summary judgment motion and, on remand, the testimony at the trial regarding the employment was essentially the same.

Plaintiff was injured in an automobile accident and brought an action against the other driver Eubanks and Eubank's employer, Knappton. Eubanks was a dispatcher for Knappton. He lived in Castle Rock, Washington. For two and a half years before the accident, his normal place of employment was Rainier. Three days before the accident, Eubanks was instructed by his supervisor to go to Astoria to fill in for the operations manager, who was on vacation. The superior gave him the alternative to stay overnight in Astoria, in which case Knappton would pay for his lodging, or to commute from his home in Washington, in which case Knappton would reimburse him 20 cents a mile from Rainier to Astoria. Eubanks' hours of employment in Astoria were not set, but he usually tried to be at work by 7 a.m. He was on 24-hour call. On the day of the accident, he was driving his own car from his home to Astoria. The accident occurred at about 6:45 a.m. on U.S. Highway 30, 15 miles east of Astoria.

Plaintiff moved for a directed verdict on the issue of *respondeat superior.* The trial court stated that it would have ruled as a matter of law that there was an agency but believed that our first opinion, and Supreme Court authorities, made the issue a question for the jury. The jury found that Eubanks was not acting within the course and scope of his employment when the accident occurred, and judgment was entered

against Eubanks alone.[1] The trial judge denied plaintiff's motion for a judgment *nov*. Plaintiff's assignment of error is that he was entitled to a directed verdict that Knappton is liable for the acts of Eubanks.[2]

■     The threshhold question is whether the trial court was correct in determining that the law of the case prevented it from directing a verdict in favor of plaintiff. The law of the case principle precludes relitigation or reconsideration of a point of law decided on appeal at an earlier stage of the same case. *Koch v. So. Pac. Transp. Co.,* 274 Or 499, 512, 547 P2d 589 (1976); *Public Market Co. v. Portland,* 179 Or 367, 373, 170 P2d 586 (1946). In our first opinion, we stated:

> "In this case, and in spite of [the supervisor's] testimony—some of it only legal conclusions—to the contrary, a jury could find that Eubanks' trip was at his employer's direction and on his employer's business. The fact that he was away from his usual place of business and was being paid for his mileage, together with the fact that the accident occurred at a time when, had he been at his usual place of work, Eubanks would have been on the job, would support such a conclusion. Summary judgment was inappropriate." 73 Or App at 687.

The question is whether that language required submitting the issue of *respondeat superior* to the jury or determined only that Knappton was not entitled to summary judgment.

■■     To conclude that our earlier decision required sending the issue to the jury would be to ignore that the issue arose from a summary judgment granted on *Knappton's* motion. Summary judgment can only be granted when there is no genuine issue of any material fact and the *moving* party is entitled to judgment as a matter of law. ORCP 47C. Even if facts are undisputed, if the inferences arising from them are susceptible to more than one reasonable conclusion, summary judgment should not be granted. *See Chesterman v. Barmon,* 82 Or App 1, 727 P2d 130 (1986), *aff'd* 305 Or 439, 753 P2d 404 (1988). Knappton was the moving party and argued that, as a matter of law, the facts showed that *it was not liable* for

---

[1] Before the jury returned its verdict, plaintiff and Eubanks settled.

[2] Knappton argues that plaintiff did not preserve the error by a proper motion for directed verdict. ORCP 63A. We conclude that the record shows that plaintiff put the issue before the trial judge.

Eubanks' actions. We rejected that position, noting that the undisputed facts gave rise to inferences besides those relied on by Knappton. Nothing was before us that would have permitted us to determine that Knappton *was* liable as a matter of law. Our holding did not prevent plaintiff from raising the issue at trial by a motion for directed verdict.

Accordingly, we turn to the issue presented by plaintiff's assignment of error. Both parties treat the question of whether *respondeat superior* liability can be imposed as a matter of law as an issue of first impression. Although neither we nor the parties have found a case imposing liability on a directed verdict, we have held that an employe can be held, as a matter of law, to be acting within the scope of employment. In *Calif. Cas. Ins. v. David Douglas School Dist.,* 71 Or App 549, 693 P2d 54 (1984), *on reconsideration* 74 Or App 270, 702 P2d 1115, *rev den* 300 Or 249 (1985), an employe of the school district was required to supervise an evening dance at the school. He was entitled either to compensation for eating dinner near the school or for his mileage to and from the school. On his way to the dance, he was involved in an accident. We held:

> "The material facts are undisputed. The finder could not reasonably draw conflicting inferences from the facts. Whether [the employe] acted within the course and scope of his employment is a question of law." 74 Or App at 273. (Footnote omitted.)

Here, also, the material facts are undisputed. If the only reasonable conclusion arising from those facts is that Eubanks was acting within the scope of his employment, plaintiff has met his burden, and a directed verdict should have been granted. *See Tiedemann v. Radiation Therapy Consultants,* 299 Or 238, 245, 701 P2d 440 (1985).

■       The general rule is that an employe is not within the scope of his employment while going to or from his work. *Heide/Parker v. T.C.I., Incorporated,* 264 Or 535, 539, 506 P2d 486 (1973). However, an exception arises when there is some involvement of the employer or some facet of the employe's task which makes the travel work-related or employer-sponsored. *Runyan v. Pickerd,* 86 Or App 542, 547, 740 P2d 209, *rev den* 304 Or 279 (1987). The facts show that the exception applies here.

■ Eubanks was on 24-hour call by Knappton. His regular place of employment was Rainier. His sole reason for traveling beyond Rainier to Astoria on that morning was that his supervisor had directed him to do so to fill in for another Knappton employe. The trip to Astoria was undertaken solely for Knappton's purpose and at its direction. The travel was quite different from his daily commute. We hold, as a matter of law, that Eubanks was acting within the scope of his employment. *See Calif. Cas. Ins. v. David Douglas School Dist.,* *supra,* 74 Or App at 274; *see also Stanfield v. Laccoarce,* 284 Or 651, 655, 588 P2d 1271 (1978). Plaintiff's motion for directed verdict should have been granted.

The dissent is wrong in saying that "Eubanks was employed only to supervise, not to drive or to make a trip beyond his regular work day." 91 Or App at 505. Knappton recognized that the trip from Rainier to Astoria was beyond Eubanks' regular work day. It paid him 20 cents a mile for the 50 miles between those two cities; it did not pay him mileage from his home in Castle Rock to Rainier. The fact that he chose to drive and did not stay overnight in Astoria does not negate the fact that the drive, if chosen, was a employer-sponsored commute. *See Calif. Cas. Ins. v. David Douglas School Dist., supra,* 74 Or App at 273 n 5.

Reversed and remanded with instructions to set aside judgment in favor of Knappton Corporation and enter judgment for plaintiff against Knappton Corporation.

**WARREN, J.,** dissenting.

I agree with the majority that evidence may be offered which provides a basis to decide that an employe is acting within the scope of his employment even though he is going to or coming from work. However, I disagree with the majority's conclusion that, as a matter of law, Eubanks' travel was work related or employer sponsored and, as a matter of law, took him outside the coming and going rule. The determination of whether Eubanks was merely on his way to work or was acting within the scope of his employment is a question of fact which was properly left for the jury to decide.

The majority treats two facts, change in work place and mileage reimbursement, as legally controlling. Those facts are relevant, but neither, in isolation or in combination,

is determinative of the issue of scope of employment. Other facts make the issue a question for the jury.

Despite the change in work place, the accident occurred when Eubanks was driving *to* work, not while he was *at* work. The majority relies on *Calif. Cas. Ins. v. David Douglas School Dist.,* 71 Or App 549, 693 P2d 54, *on reconsideration* 74 Or App 270, 702 P2d 1115, *rev den* 300 Or 249 (1985), for the conclusion that Eubanks' conduct was within the scope of his employment as a matter of law. That reliance is misplaced, because the evidence in this case is different. There, the employe's job included making an additional trip back to school to supervise an evening dance. In this case, Eubanks was employed only to supervise, not to drive or to make a trip beyond his regular work day. Further, he was on the road, not because his employer required him to be, but because he elected to drive rather than to stay in Astoria. Presumably, he made that decision for his own convenience and not, as the majority states, "solely for Knappton's purpose and at its direction." 91 Or App at 504.

On the facts proved, the jury was not compelled to conclude that Eubanks was within the scope of his employment. Because more than one reasonable conclusion can be drawn from the facts, the issue was properly submitted to the jury for its resolution. *See Stanfield v. Laccoarce,* 284 Or 651, 655, 588 P2d 1271 (1978).

I dissent.