Argued and submitted April 23, 1990, reversed and remanded on appeal; affirmed on cross-appeal January 23, 1991

WEINER INVESTMENT CO.
and Arnold M. Weiner,
*Respondents - Cross-Appellants,*

*v.*

Samuel R. WEINER,
*Appellant - Cross-Respondent,*
*and*

BARNEY'S PARKING, INC.,
*Defendant.*

(A8701-00398; CA A50164)

804 P2d 1211

Steven W. Seymour, Portland, argued the cause for

appellant - cross-respondent. With him on the briefs was Samuels, Yoelin, Weiner, Kantor & Seymour, Portland.

Christopher W. Angius, Portland, argued the cause for respondents - cross-appellants. On the brief were Lawrence Reichman and Perkins Coie, Portland.

Before Joseph, Chief Judge,* and Riggs and Edmonds, Judges.

RIGGS, J.

---

* Joseph, C. J. *vice* Graber, *former* P. J.

**RIGGS, J.**

Defendant appeals from a judgment dismissing his counterclaims with prejudice. He assigns as error the court's granting of plaintiffs' motion for summary judgment. Plaintiffs cross-appeal, assigning error to the court's denial of their motion for sanctions against defendant under ORCP 17C. We reverse on defendant's appeal and affirm on plaintiffs' cross-appeal.

Plaintiffs Weiner Investment Co. and Arnold Weiner filed an action for partition in kind of real property held as tenants in common with defendant, who is Arnold's brother.[1] Defendant filed two counterclaims. The first, an action for involuntary corporate dissolution under ORS 60.661,[2] requested an order appointing a receiver to dissolve Weiner Investment Co. and to distribute the assets among the creditors and shareholders. The second, a shareholders' derivative action for breach of fiduciary duties, requested that Arnold be directed to pay the corporation the amount of money lost through his alleged wrongful acts and negligence. After extensive discovery, plaintiffs moved for summary judgment on their claim and on defendant's counterclaims. The court denied the motion on plaintiffs' claim[3] but allowed it on the counterclaims. Plaintiffs then moved for sanctions under ORCP 17C on the ground that the counterclaims were frivolous. The court denied that motion.

The record reveals brothers who are sharply at odds over the operation of their closely held corporation. Arnold is the majority shareholder; defendant is the minority shareholder. The first counterclaim alleges that Arnold, in his capacity as senior officer and director of Weiner Investment Co., prevented defendant from participating effectively in the management and operation of the corporation, misused corporate property for his own personal benefit, engaged in a course

---

[1] The complaint also named Barney's Parking, Inc., a lessee of the property, as a defendant. That party did not appeal.

[2] When the counterclaim was filed, the relevant statute was ORS 57.595. Or Laws 1987, ch 52, § 181, repealed ORS 57.595 and replaced it with ORS 60.661. The parties have proceeded on the assumption that ORS 60.661 governs the action. The language of the two statutes is substantially similar.

[3] The case went to trial on plaintiffs' claim for partition. The court ordered a partition in kind of the real estate. No party has assigned error to that aspect of the case.

of conduct that had the effect of freezing defendant out of the corporation and usurped corporate opportunities in breach of his fiduciary duties to the corporation and minority shareholders by purchasing outstanding shares of the corporation from third parties, at less than fair market value. Defendant claims that that conduct constitutes "oppressive conduct" within the meaning of ORS 60.661. The second counterclaim alleges that Arnold violated his fiduciary duties, because he did not supervise the investments of the corporation in its best interest but, on the contrary, managed its affairs almost exclusively for his own individual interest to the disadvantage of the corporation; permitted corporate opportunities to be diverted to himself for his personal advantage; and caused to be paid or allowed to be paid to himself excessive and unreasonable compensation and other benefits.

■ Plaintiffs are entitled to summary judgment only if no genuine issue of material fact exists. ORCP 47C; *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). We review the record in the light most favorable to defendant. *Bostick Family Trust v. Magliocco,* 64 Or App 305, 308, 667 P2d 1044 (1983).

ORS 60.661 provides, in relevant part:

"The circuit courts may dissolve a corporation:

"* * * * *

"(2) In a proceeding by a shareholder if it is established that:

"* * * * *

"(b) The directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent."

Conduct need not be illegal or fraudulent to be "oppressive" within the meaning of ORS 60.661. However, defining what oppressive conduct is, instead of what it is not, has proved more elusive. The Supreme Court has observed that general definitions of "oppressive conduct" are of "little value for application in a specific case." *Baker v. Commercial Body Builders,* 264 Or 614, 628, 507 P2d 387 (1973). Despite that *caveat,* the court quoted this definition of oppressive conduct from British authorities:

" 'burdensome, harsh and wrongful conduct; a lack of probity

and fair dealing in the affairs of a company to the prejudice of some of its members; or a visual departure from the standards of fair dealing, and a violation of fair play on which every shareholder who entrusts his money to a company is entitled to rely.' " 264 Or at 628. (Footnote omitted.)

The nebulousness of the oppressive conduct concept, in which fairness plays a prominent role, necessarily makes oppressive conduct cases fact dependent. *See generally* O'Neal & Thompson, *Oppression of Minority Shareholders* (2d ed 1985). Even when historical facts are not in dispute, summary judgment is inappropriate unless reasonable minds cannot differ about the material inferences to be drawn from those facts. *Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 Or 1014 (1978); *Van Osdol v. Knappton Corporation,* 91 Or App 499, 502, 755 P2d 744 (1988). In that respect, oppressive conduct actions are similar to negligence actions.

■ Deposition testimony, which we accept as true for this appeal, indicates that Arnold used corporate assets to purchase automobiles, office supplies and trips for personal use. An affidavit by Arnold states that, with respect to the use of the automobile, his personal use was justified because he paid for all of the gasoline. That conflict would force the trier of fact to choose between competing inferences in determining whether that conduct was "oppressive conduct" and whether it violated Arnold's fiduciary duties. The record is replete with similar factual disputes regarding Arnold's stewardship. A reasonable trier of fact *could* infer that Arnold engaged in "oppressive conduct" within the meaning of ORS 60.661[4] and breached his fiduciary duties.[5] Those conflicting inferences must be resolved at trial. *See Zidell v. Zidell, Inc.,* 277 Or 413, 560 P2d 1086 (1977); *Chiles v. Robertson, supra* n 4. Consequently, summary judgment was inappropriate.[6]

---

[4] Even if a court finds "oppressive conduct," corporate dissolution does not necessarily follow. The court has a wide variety of equitable remedies at its disposal. *See Baker v. Commercial Body Builders, supra,* 264 Or at 631-33.

[5] *See Chiles v. Robertson,* 94 Or App 604, 620, 767 P2d 903, *rev den* 308 Or 592 (1989).

[6] Plaintiffs contend that the trial court erred by considering defendant's affidavit. Specifically, they argue that the affidavit contains inadmissible lay opinion testimony, *see* OEC 701, and testimony that contradicts defendant's previous deposition testimony. *Clapp v. Oregonian Publishing Company,* 83 Or App 575, 581, 732 P2d 928 (1987). Defendant contends that the court erred by considering materials supplied after the summary judgment hearing and fewer than 45 days before trial. ORCP 47C. Because we have not relied on the contested materials in our disposition of the appeal, we need not resolve the parties' contentions.

Turning to the cross-appeal, plaintiffs argue that the court erred in denying their motion for sanctions under ORCP 17C. They assert that the counterclaims are frivolous. They are not.

Reversed and remanded on appeal; affirmed on cross-appeal.