No. 388　　　　May 6, 2026　　　　361

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Scott Severin MADSEN,
*Plaintiff-Appellant,*

*v.*

VERSUS, INC.
and Versus II, LLC, dba Tufcoat Propowder,
*Defendant-Respondent.*

Washington County Circuit Court
23CV49436; A184545

Andrew Erwin, Judge.

Submitted March 19, 2026.

Scott Severin Madsen filed the briefs *pro se*.

Rebecca Spira, Julie Haddon, and Gordon Rees Scully
Mansukhani, LLP filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and
Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff appeals from a judgment granting summary judgment against him on his claims for defamation, false light, failure to pay wages, and intentional infliction of emotional distress. The moving party is entitled to summary judgment if "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. A "material" fact is one that, "under applicable law, might affect the outcome of a case." *Ghiglieri v. Tomalak*, 304 Or App 717, 718, 469 P3d 262 (2020) (internal quotation marks omitted). "No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. The existence of competing reasonable inferences must be considered in making that assessment. *Van Osdol v. Knappton Corporation*, 91 Or App 499, 502, 755 P2d 744, *rev den*, 306 Or 528 (1988). Because the trial court properly granted summary judgment on each claim, we affirm.

*Claims for defamation and false light:* Plaintiff alleged that defendants made false statements to a Bureau of Labor and Industries (BOLI) investigator who was investigating plaintiff's BOLI complaint. Defendants moved to strike those claims under Oregon's anti-SLAPP statute. *See* ORS 31.150(2) (allowing for a motion to strike where a civil action arises out of "[a]ny oral statement made, or written statement or other document submitted, in a * * * proceeding authorized by law"). They also moved for summary judgment on the basis that the statements were subject to a qualified privilege that extends to employers' statements about employees where, among other things, the statement was made to protect the employer's interests. *See Wattenburg v. United Medical Lab.*, 269 Or 377, 380, 525 P2d 113 (1974) (describing privilege). The trial court agreed with defendants on both arguments. Having reviewed the record on summary judgment, we agree with the trial

court's reasoning and affirm its summary judgment ruling on plaintiff's claims for defamation and false light.

*Claim for failure to pay wages:* Plaintiff also brought a claim under ORS 652.140, alleging that defendants owed him wages totaling $1,875 and had not paid him. The trial court, noting that defendants had provided proof of a direct deposit in that amount and plaintiff's own testimony that he was paid that amount at termination, concluded there was no disputed material fact. We agree and therefore affirm the trial court's grant of summary judgment on that claim.

*Claim for intentional infliction of emotional distress:* Plaintiff also claimed that defendants' alleged behavior of failing to pay plaintiff's wages, defaming plaintiff, and placing plaintiff in a false light were intentional acts that constituted an "extraordinary transgression of the bounds of socially tolerable conduct." *See Cider Riot, LLC v. Patriot Prayer USA, LLC*, 330 Or App 354, 382, 544 P3d 363 (2024) (quoting *Mullen v. Meredith Corp.*, 271 Or App 698, 713, 353 P3d 598 (2015) (setting out the elements for a claim for intentional infliction of emotional distress). The trial court granted summary judgment on that claim based on its other conclusions that plaintiff's claims were unsustainable. We agree.

Affirmed.