Argued and submitted June 20, reversed and remanded for further proceedings
October 12, 1983

## UNITED PACIFIC/RELIANCE
## INSURANCE COMPANY,
*Appellant,*

*v.*

## HORACE MANN INSURANCE COMPANY,
*Respondent.*

(A8104-02416; CA A27081)

670 P2d 172

Michael A. Lehner, Portland, argued the cause for appellant. With him on the briefs were Jas. Jeffrey Adams, and Mitchell, Lang & Smith, Portland.

Timothy R. Volpert, Portland, argued the cause for respondent. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this action for contribution, plaintiff appeals from summary judgment in defendant's favor. The parties agree on the underlying facts.

In 1978, a student was injured in an explosion which occurred during a chemistry experiment at Astoria Middle School. The student and his parents filed a negligence action against the student's teacher, Kani Rowland, and the Clatsop County School District. Rowland and the district were insured under a policy of insurance issued by plaintiff, with a policy limit of $100,000. Rowland also was insured under a separate policy of insurance issued by defendant, with a policy limit of $500,000. Defendant refused tender of the defense of the tort action, and plaintiff defended it, ultimately settling for $68,656.56. Plaintiff then filed this lawsuit, requesting contribution in an amount proportionate to each insurer's policy limits. Plaintiff moved for summary judgment. By a letter to the parties, the trial court denied the motion:

> "Plaintiff's motion for partial summary judgment is hereby denied. I am convinced that the 'other insurance' clauses of both policies are mutually repugnant and, therefore, the *Lamb-Weston*[1] rule would normally apply. Nevertheless, due to ORS 30.285(1) the public body would then have to indemnify the defendant for the prorata payment made by Horace Mann, all of which makes for an absurd situation such as a cat chasing its tail. The California case cited by defendant, *Pacific Indemnity Co. v. American Mutual Ins. Co.*, 28 Cal App 3rd 983 [,105 Cal Rptr 295] (1972), is well reasoned and better serves public policy.
>
> "Incidentally, absent an unusual fact situation that is not contemplated, a defense motion for summary judgment should be granted. This would conserve judicial time as the issues here appear to be only legal ones."

Defendant responded to the invitation and filed a motion for summary judgment, and plaintiff concurrently filed a motion requesting reconsideration of its earlier summary judgment motion. The trial court denied plaintiff's motion for reconsideration and granted defendant's summary judgment motion. It is this judgment which plaintiff appeals. We affirm.

---

[1] *Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643 (1959).

Plaintiff's principal assertion is that under the holding of *Lamb-Weston et al v. Ore. Auto. Ins. Co., supra,* it is entitled to an apportioned contribution from defendant for the settlement it paid to the injured student and his parents. In *Lamb-Weston,* the Supreme Court divided the liability between two insurers who each covered the same risk in proportion to each insurer's policy limits. Application of the *Lamb-Weston* formula here would result in the imposition of liability on plaintiff for one-sixth of the settlement, plus costs, and on defendant for the remaining five-sixths.

As a preliminary matter, the *Lamb-Weston* analysis is not triggered unless each insurer's policy contains a provision which, in essence, states that where the insured has "other insurance" covering the loss, the insured must look to the "other insurer" for payment. When, according to the literal terms of its contract of insurance, each insurer absolves itself from payment or limits its exposure when its insured had procured other insurance covering the same risk, the "other insurance" clauses are deemed "mutually repugnant" and the court will ignore them, implementing the remaining policy provisions as though the repugnant clauses do not exist.

We agree with the conclusion of the trial court that the policies here contain "mutually repugnant" clauses.[2]

---

[2] Plaintiff's policy says:

"Other insurance. The insurance afforded by this policy is primary insurance; except:

"* * * * *

"When both this insurance and other insurance apply to the loss on the same basis the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

"(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

"(b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

*Lamb-Weston et al v. Ore. Auto. Ins. Co., supra,* 219 Or at 119; *Sparling v. Allstate Ins. Co.,* 249 Or 471, 473, 439 P2d 616 (1968). We also agree that this is not an appropriate case for application of the *Lamb-Weston* apportionment formula, although our reasons differ from those expressed in the trial court's letter to counsel.

■■    In the *Lamb-Weston* situation each insurer involved insures the party who is responsible for the loss. Each insurer, therefore, would be liable for the entire loss, but for the existence of the other coverage. A *Lamb-Weston* apportionment is applicable only when each insurer could have been liable ultimately for the whole loss. The difficulty with plaintiff's assertion that *Lamb-Weston* applies here is that only one of the insured parties was ultimately responsible to pay for Rowland's negligence.

ORS 30.285(1) imposes ultimate liability for negligent performance of a public employe's duties on the employer.

> "The governing body of any public body shall defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

Therefore, as long as Rowland was executing his job responsibilities when the student was injured—a point which plaintiff concedes for the purpose of this appeal—ORS 30.285(1) mandates that the school district alone must pay damages for Rowland's negligence. Defendant's policy does not provide coverage for the district's liability under ORS 30.285(1).

Plaintiff argues that even if ORS 30.285(1) is applicable,[3] defendant does not have the right to be subrogated to

---

Defendant's policy provides:

> "OTHER INSURANCE. This policy does not apply to any claim made or suit brought against the *insured* which is insured by another valid policy or policies whether primary or excess, nor shall the Company be liable to make any payment in connection with any such claim or suit."

[3] We reject plaintiff's argument that the indemnification provisions of ORS 30.285(1) have been superseded by the language of ORS 30.285(6):

> "The provisions of this section may be superseded to the extent that the claim against the public officer, employe or agent may be defended by any insurer, or

Rowland's right to indemnification by the district. That right, plaintiff urges, flows exclusively between the public employe and the employer. Plaintiff asserts that the purpose of the indemnity provision is to eliminate concern by public employes that they could be held liable for a good faith failure to use reasonable care in executing their job responsibilities. *See Stevenson v. State of Oregon,* 290 Or 3, 12, 619 P2d 247 (1980). Consequently, should defendant be permitted subrogation to Rowland's right to indemnification, plaintiff argues, the purpose of the indemnification statute will not be served. *See Sun Indemnity Co. v. Board of Education, N.Y. City,* 264 AD 73, 34 NYS 2d 475 (1942).

We conclude, however, that the better view is that expressed in *St. Paul Ins. Companies v. Horace Mann Ins.,* 231 NW2d 619, (Iowa 1975). The factual circumstances there are nearly identical to those here. Students injured in an explosion during a chemistry experiment sued the school district and the teacher for negligence. St. Paul had issued a policy of insurance covering the district and the teacher, and Horace Mann had issued a policy of insurance covering the teacher individually. An Iowa statute provided for indemnification of school employees in language nearly identical to that of ORS 30.285(1).[4] St. Paul settled, and then sued Horace Mann for contribution, advancing arguments similar to those advanced by plaintiff here: that the "other insurance" clauses in each policy effectively cancelled each other out and that, consequently, the companies should bear prorata liability. St Paul argued that the teacher's insurer should not be permitted a right of subrogation to the teacher's right of indemnification against the school district because, among other things, that insurer would unjustly benefit, because it had accepted premiums without providing actual coverage to the insured. It

---

may be subject under ORS 30.282 to agreement with the state Department of General Services, in which case the provisions of the policy of insurance or other agreement are applicable."

The plain language of ORS 30.285(6) limits its application to the other provisions of ORS chapter 30. It therefore, does not affect the applicability of ORS 30.285(1) here.

[4] Section 613A.2 of the Iowa Code, then in force, provided:

"Except as otherwise provided in this Chapter, every municipality is subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function."

also contended that subrogation was inapplicable because the insurers had equal duties to indemnify and defend. The Iowa Supreme Court concluded that contribution was inappropriate:

> "The amount paid by St. Paul under its contract of insurance in settlement of the three claims mentioned was actually paid in satisfaction of claims which were the ultimate responsibility of the school district to indemnify its teacher for negligence under the provisions of section 613A.8. This statute did not give rise to any debt or obligation in favor of the school district because of its having incurred damages through an employee's negligence. In other words, *any right to recover back from the teacher for his negligence was eliminated by enactment of the statute. One who must indemnify another cannot at the same time claim contribution from that person. Stowe v. Wood,* 199 N.W. 2d 323, 326 (Iowa 1972)." 231 NW 2d 625. (Emphasis supplied.)

■■ We agree. The issue is not one of subrogation. Rowland is not responsible to pay damages for his negligence so long as he was acting within the scope of his employment. No obligation can arise in favor of the school district because of its having incurred damages for Rowland's negligence, because ORS 30.285(1) mandates that the district indemnify Rowland. One who must indemnify another cannot claim contribution from that person. Consequently, we conclude that the district's insurer cannot claim contribution from Rowland's insurer. *See Gulf Ins. Co. v. Horace Mann Ins. Co.,* 567 P2d 158 (Utah 1977); *Pacific Indem. Co. v. American Mut. Ins. Co.,* 28 Cal App 3d 983, 105 Cal Rptr 295 (1972); *Bridewell v. Board of Education,* 2 Ill App 3d 684, 276 NE2d 745 (1971); *Treece v. Shawnee Com. School Dist.,* 39 Ill 2d 136, 233 NE2d 549 (1968).

■ Finally, plaintiff argues that, should we deny contribution here, defendant will have been "unjustly benefited" by its receipt of premiums to cover a risk which it was immunized from ever paying. We fail to understand, however, why plaintiff should benefit from Rowland's purchase of a personal insurance policy over and above the coverage provided him by the district. As the court explained in *Pacific Indem. Co. v. American Mut. Ins. Co., supra:*

> "It is true that the defendant also undertook to defend and indemnify the public employee, and it may therefore be

receiving a windfall if it is relieved from all liability. On the other hand, *there is no good reason why the employer's insurer should benefit from the prudence of the public employee* in providing himself with liability insurance which would cover his acts or omissions which were not within the scope of his employment, or in the event he was charged with actual fraud, corruption or malice, and which would provide him with coverage in addition to that furnished by the public employer if a claim exceeded that so furnished. (Cf. *Helfend v. Southern Cal. Rapid Transit Dist., supra,* 2 Cal.3d 1, 9-14 [, 84 Cal Rptr 173, 465 P2d 61 (1970)].) * * *" 28 Cal App 3d at 992.

Because of the indemnification statute, defendant cannot be liable for the injured student's damages here, because its insured cannot be liable. To order that it assume a proportionate share of the settlement would effectively confer a windfall on plaintiff merely because Rowland chose to purchase defendant's policy, a fact which is irrelevant to the contract of insurance between plaintiff and its insured.

Affirmed.