FIRCREST POULTRY FARMS CO. et al,
*Appellants,*

*v.*

STATE OF OREGON et al,
*Respondents.*

(A8411-06918; CA A37132)

728 P2d 968

Michael S. Sommers, Portland, argued the cause for appellants. With him on the briefs were Frank E. Day and Burt & Day, P.C., Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal a judgment that declared that plaintiff Industrial Indemnity Co (Industrial) must defend and indemnify defendants State of Oregon, State Board of Higher Education, University of Oregon (all herein referred to as "the state") and Dixon against liability claims of third persons arising out of an automobile accident.[1] The trial court granted defendants' motion for summary judgment. We affirm.

The parties do not dispute the facts. Plaintiff Fircrest Poultry Farms Co. (Fircrest) loaned a van to the University of Oregon. In January, 1984, in the course and scope of his employment as assistant wrestling coach for the university, Dixon drove students on the university wrestling team to a wrestling match at Washington State University. En route, the van rolled off the highway and down a hill. Several of the students were injured, and two were killed.

The state had *not* obtained insurance for operation of the van. Fircrest, however, had purchased a policy from Industrial that provides:

"PART IV - LIABILITY INSURANCE

"D.   WHO IS INSURED.

"1.   *You* are an *insured* for any covered auto.

"2.   Anyone else is an *insured* while using with *your* permission a covered *auto you* own, hire or borrow * * *.

"* * * * *

"3.   Anyone liable for the conduct of an *insured* described above is an *insured* but only to the extent of that liability."

The policy also provides that Industrial will defend and indemnify an insured against liability claims arising from use

---

[1] The amended judgment from which this appeal is taken disposes of the claims of plaintiffs against the state and Dixon and also disposes of the counterclaim of the state. The amended judgment does not state that it disposes of plaintiffs' claims against the remaining defendants, although it determines plaintiffs' duty to defend claims or actions "by persons claiming to have been injured by reason of the acts or omissions of Dean Dixon while operating an insured vehicle on January 21, 1984." The court entered a final amended judgment pursuant to ORCP 67B. The appeal has been dismissed as to all defendants except the state and Dixon, because there has only been a final judgment as to them.

of a covered auto. Plaintiffs sought a declaration that Industrial has no duty to defend or indemnify the state or Dixon for claims arising out of the accident.

Plaintiffs concede that "[i]f this case did not involve the state and one of its employes, the language of Industrial's insurance policy would provide coverage for claims arising out of the accident." The state and Dixon are each an "insured" under Industrial's policy. Plaintiffs assert, however, that the state's statutory duty under ORS 30.285(1)[2] to indemnify its employes against tort claims arising out of the performance of their duties renders the state primarily liable,[3] and Industrial only secondarily liable, and absolves Industrial of any contractual duty to defend and indemnify the state and Dixon.

Defendants were entitled to summary judgment. In *Calif. Cas. Ins. v. David Douglas School Dist.*, 71 Or App 549, 693 P2d 54 (1984), *on reconsideration* 74 Or App 270, 702 P2d 1115, *rev den* 300 Or 249 (l985), Salvo, a school district administrator, had purchased a $50,000 personal automobile policy from California Casualty Insurance Company. The policy also insured "any other person or organization * * * with respect to * * * its liability because of acts or omissions of an insured." An injured pedestrian had sued Salvo and the school district for Salvo's negligent operation of his personal vehicle during the course and scope of his employment. California Casualty paid $50,000 of the $84,000 settlement with a reservation of rights and sued the school district and its insurer, St. Paul Fire & Marine Insurance Company, to recover the $50,000. The school district's policy, however, expressly did *not* insure the district against liability for the first $50,000 for Salvo's acts when he drove his own car.

---

[2] ORS 30.285(1) provides:

"The governing body of any public body shall defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

[3] Plaintiffs argue that *United Pacific/Reliance Ins. v. Horace Mann Ins.*, 65 Or App 21, 670 P2d 172 (1983), means that the state has the primary duty to defend itself and Dixon. We disagree. In *Horace Mann*, the school district had obtained a policy from United Pacific that insured the district against liability for its employes' torts. Its employe had obtained a policy from Horace Mann, which insured only the employe. We held that United Pacific could not obtain contribution from Horace Mann, because the latter did not insure the district against the claims arising out of the incident. United Pacific did. Here, the public body did *not* obtain its own policy.

California Casualty argued that, because the district was a "public body" and was required to indemnify Salvo under ORS 30.285, it was entitled to indemnity of $50,000 from the district as Salvo's subrogee. We rejected that argument, stating:

"The school district has a duty to indemnify Salvo for his acts 'occurring in the performance of duty.' ORS 30.285. Plaintiff contends that it is entitled as Salvo's subrogee to indemnity of $50,000 from the district. Plaintiff, however, insured the *district* against its responsibility for the acts of Salvo to the extent of $50,000. Although Salvo's acts occurred 'in the performance of duty,' plaintiff may not recover indemnity from district, because plaintiff insured the district against those acts. Furthermore, plaintiff, as Salvo's subrogee, cannot recover from St. Paul for the district's indemnity responsibility because St. Paul did *not* insure the district against it." 71 Or App at 552. (Emphasis in original.)

■ It does not matter that the action is for a declaration of rights rather than for indemnity. Industrial's policy insured the state, a "public body," and its employe, and the state does not have any other insurance against the claims arising out of the incident. The state liability fund, *former* ORS 278.100 *et seq*,[4] is not an insurance policy against the liability of a public body under the Tort Claims Act. It merely provides a source from which the state may pay a claim if it is not covered by insurance. *See* ORS 278.120.[5]

■ Plaintiffs' argument that the state cannot take advantage of Industrial's policy, because *former* ORS 278.105 prohibits state agencies from purchasing liability insurance except as authorized by the Department of General Services, is without merit. That statute prohibits only unauthorized state purchase of liability insurance. It does not apply when a third party purchases insurance coverage that protects the state.

Affirmed.

---

[4] The fund was abolished effective August 1, 1985, Or Laws 1985, ch 731, § 6, and its assets and liabilities were transferred to the Insurance Fund created by section 4 of the same act. Those changes became effective after the judgment here and do not affect our decision.

[5] ORS 278.120 was amended by Or Laws 1985, ch 731, § 14, effective August 1, 1985. The amendments do not affect our decision.