No. 88-248

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

GUARANTY NATIONAL INSURANCE COMPANY,
a Colorado Corporation,

       Plaintiff and Respondent,

  -vs-

STATE FARM INSURANCE COMPANY,

       Defendant and Appellant.

---

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael J. McKeon; Anaconda, Montana

    For Respondent:

        Gary L. Walton, Poore, Roth & Robinson; Butte, Montana

---

Submitted:  April 25, 1989

Decided:  August 3, 1989

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


State Farm Insurance Company (State Farm), defendant and appellant, appeals from a partial summary judgment entered in favor of Guaranty National Insurance Company (Guaranty National), plaintiff and respondent, by the District Court of the Fifth Judicial District, Jefferson County. We affirm and remand for a resolution of issues pending before the District Court.

The following issues are raised on appeal:

1. Was Butte-Silver Bow, Guaranty National's insured, an additional omnibus insured under the State Farm insurance policy issued personally to Mario Micone, a Butte-Silver Bow employee?

2. Did the District Court properly prioritize insurance policies by finding State Farm the primary insurance carrier and Guaranty National the excess insurance carrier?

3. Was Guaranty National a volunteer when it negotiated a settlement?

Guaranty National was the insurer of Butte-Silver Bow on January 9, 1979, when an automobile accident occurred involving Mario Micone, the Chief Executive of Butte-Silver Bow, and Wilford and Anna Hibbs. Wilford died and Anna sustained injuries as a result of the accident. At the time of the accident, Micone was acting in the course and scope of his employment as a Butte-Silver Bow employee and was driving his personal vehicle insured by State Farm.

In February of 1980, Anna Hibbs, individually, and Arlene Pratt, as personal representative of the Wilford Hibbs estate, brought an action against Butte-Silver Bow and Micone for the resulting damages. In July of 1981 a jury was

empaneled and evidence submitted, however, a settlement was reached before a verdict was returned.

At the commencement of the trial, State Farm defended Micone and Guaranty National defended Butte-Silver Bow. At the conclusion of evidence, the District Court granted Micone's motion to dismiss under § 2-9-305, MCA (1979), because he was indemnified by Butte-Silver Bow as an employee when acting in the course and scope of his employment. Immediately following dismissal of Micone, Guaranty National moved to join State Farm to aid in the defense of Butte-Silver Bow. The motion was granted.

Guaranty National settled the case on the eve of the last day of trial. State Farm had been advised of the settlement negotiations but did not participate. Subsequently, Guaranty National brought this declaratory judgment action in order to adjudicate the obligations and rights of the insurance companies under their respective insurance policies. Guaranty National moved the District Court for partial summary judgment. The motion was granted and the court ruled that (1) Butte-Silver Bow was an additional omnibus insured under Micone's State Farm policy; (2) State Farm was the primary insurer and Guaranty National the excess insurer; and (3) Guaranty National was not a volunteer when it negotiated the settlement. The order was certified as final under Rule 54(b), M.R.Civ.P.

The first issue raised on appeal is whether Butte-Silver Bow, Guaranty National's insured, was an additional omnibus insured under the State Farm policy issued personally to Mario Micone, a Butte-Silver Bow employee.

State Farm's insurance policy issued to Mario Micone contained an omnibus clause that provided in part:

> Insured--the unqualified word "insured" includes
> (1) the named insured, and . . .

- 3 -

> (5) . . . any other person or <u>organization</u>, but
> only with respect to his or <u>its</u> liability for the
> use of such <u>owned</u> motor vehicle by an insured as
> defined . . . (Emphasis ours.)

Omnibus coverage is required under § 61-6-103(2)(b), MCA.

In its argument, State Farm ignores the omnibus clause and relies on the indemnification provisions set forth in the State Tort Claim Act (the Act) under § 2-9-305, MCA (1979). The 1979 Act provided for the indemnification of public employees sued for their actions occurring during the course and scope of employment. In Oregon, the appeals court stated that the basis for a Tort Claim Act is to eliminate a public employee's liability concern for a good faith failure to use reasonable care in executing employment responsibilities. United Pacific Reliance Ins. Co. v. Horace Mann Ins. Co. (Or.App. 1983), 670 P.2d 172.

Because Micone was acting in his capacity as a Butte-Silver Bow employee at the time of the accident, he was indemnified by his employer. State Farm argues that it should stand in the shoes of its insured, Micone and, therefore, be free from liability. We disagree.

Authority from other jurisdictions hold, that the employer is an additional omnibus insured--under a similar policy provision--notwithstanding the employees' indemnification. See Govt. Employees In. Co. v. Gibraltar Casualty Co. (Cal. 1986), 229 Cal.Rptr. 57, 184 Cal.App.3d 163; Harleysville Ins. Co. v. United States (E.D.Pa. 1973), 363 F.Supp. 176; Taggert v. United States (M.D.Pa. 1967), 262 F.Supp. 572; United States v. Myers (5th Cir. 1966), 363 F.2d 615; United States v. State Farm Mutual Automobile Ins. Co. (D.Or. 1965), 245 F.Supp. 58; Govt. Employees Ins. Co. v. United States (10th Cir. 1965), cert.den., 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, 349 F.2d 83; Barker v. United

States (N.D.Ga. 1964), 233 F.Supp. 455; and Gahagan v. State Farm Mutual Automobile Ins. Co. (W.D.La. 1964), 233 F.Supp. 171.

In Harleysville, a United States postal employee was making mail deliveries in his personal vehicle when he was involved in an accident. The scenario in Harleysville is comparable to the case at issue. Both controversies involved a public employee who, while driving his personally insured vehicle in the course and scope of employment, caused an accident; in both, the employee's insurance policy contained an omnibus clause; in both, the employee's insurance company entered the defense of the government after the employee was dismissed from the suit; in both, the cases were settled before trial proceedings concluded. Also, in Harleysville, suit was brought under the Federal Tort Claim Act, which, like the State Tort Claim Act in the present case, indemnified the government employee from liability. In both instances the employee's personal insurance carrier argued that a Tort Claim Act shielded it from liability.

The court in Harleysville held that the United States, as an organization, was an additional insured under a government employee's private insurance policy when the employee was acting in the course and scope of employment, since the omnibus clause was an express provision in the employee's personal insurance policy. We follow the rationale set forth in Harleysville and hold that Butte-Silver Bow is an additional insured under the omnibus clause contained in Micone's State Farm insurance policy and, therefore, State Farm is not afforded the insulation provided to Micone under the Act.

The second issue raised on appeal is whether the District Court properly prioritized the insurance policies in question by finding State Farm the primary insurance carrier

- 5 -

and Guaranty National the excess insurance carrier. The crux of the issue is determined by the clauses utilized in the insurance carriers' respective policies. See Liberty Mutual Ins. Co. v. United States Fidelity & Guaranty Co. (D.C.Mt. 1964), 232 F.Supp. 76.

Guaranty National's insurance included an "excess insurance" clause. It read as follows:

> With respect to a hired automobile, or a non-owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured. (Emphasis ours.)

An excess insurance clause provides that the primary insurance must be exhausted before the excess coverage can be reached.

In Mountain States Mutual Casualty Co. v. American Casualty Co. (1959), 135 Mont. 475, 342 P.2d 748, we established the applicable rule regarding excess and primary coverage where one insurance company was an additional omnibus insured under a personal insurance policy of an employee. In Mountain States, the McBee Company loaned a truck it owned to the Hilands Golf Club. The McBee Company had an insurance policy issued by Mountain States which contained an omnibus clause similar to the State Farm clause in question. The policy contained pro rata coverage in its other insurance clause as did the State Farm policy. The American Casualty policy also contained an excess insurance clause for non-owned automobiles similar to the clause included by Guaranty National in the present case. An employee of Hilands Golf Club injured a third party while driving the truck in the course and scope of his employment. Hilands Golf Club was sued by the injured party. A declaratory judgment action was brought to determine priority of coverage between the two insurance companies. We held that American

Casualty, as the employer's insurance company, was the excess insurer while Mountain States, as the truck owner's insurance company, was the primary insurer.

In Mountain States, 135 Mont. at 482, 342 P.2d at 751, we held:

> . . . where the owner of a . . . [car] has a policy with an omnibus clause and the additional insured also has a nonownership policy which provides that it shall constitute excess coverage over and above, any other valid, collectible insurance, the owners insurer has the primary liability. (Parenthetical inserts omitted; emphasis ours.)

See also American Surety Co. of N.Y. v. Canal Ins. Co. (4th Cir. 1958), 258 F.2d 934, and Aetna Casualty & Surety Co. v. Buckeye Union Casualty Co. (1952), 157 Ohio St. 385, 105 N.E.2d 568.

State Farm, however, argues that under its "other insurance" clause its policy provided for excess insurance coverage only. The clause read as follows:

> . . . if the insured has other insurance against liability or loss covered by this policy, the company shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss. (Emphasis ours.)

Further, in Mountain States, 342 P.2d at 752, we stated that where there is a nonownership clause with an excess provision--such as in the Guaranty National policy--it does not constitute "other insurance" as State Farm contends. This was so in Mountain States even though the primary insurer had a pro rata clause. Moreover, the insurance provided for in Guaranty National's excess clause would not become available until the primary policy coverage was exhausted.

We hold that the District Court did not err when it found State Farm the primary insurance carrier and Guaranty National the excess insurance carrier under the rationale we set forth in Mountain States.

The last issue raised on appeal is whether Guaranty National acted as a volunteer when it negotiated the settlement with the plaintiff's in the original action.

On the eve of the last day of trial, Guaranty National settled the case. At that time, State Farm had been joined in Butte-Silver Bow's defense. State Farm argues that because it did not participate in the settlement, Guaranty National acted as a volunteer and thus, had no subrogation or indemnification rights from State Farm.

State Farm and Guaranty National were, at the time of the settlement, contractually obligated to defend the interests of Butte-Silver Bow--not merely the interests of the individual insurance companies. In Montana, the duty to settle is a "fidiciary duty running from the insurer to the insured" under the insurance policy. Klaudt v. Flink (1983), 202 Mont. 247, 250, 658 P.2d 1065, 1066. "In determining whether to settle, the insurer must give the insured's interest as much consideration as it gives its own interest." Gibson v. Western Fire Ins. Co. (1984), 210 Mont. 267, 275, 682 P.2d 725, 730.

State Farm conceded that Guaranty National settled the case due to the insistence of Butte-Silver Bow, the insured. Further, State Farm, in response to Guaranty National's request for admissions, admitted that it had knowledge of the settlement conference in question. As counsel, Guaranty National was bound by a fiduciary duty to settle the case and will not now be penalized for fulfilling its contractual and fiduciary obligations by deeming it a volunteer. Guaranty National, as the excess insurer, is entitled to

indemnification and subrogation by State Farm, the primary insurer.

We affirm in this case that State Farm is the primary insurer and that Guaranty National is the excess insurer and remand for a resolution of issues pending before the District Court.

_William E. Hunter_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_R. C. McDonough_

_Fred J. Weber_

_L. C. Gulbrandson_
Justices