Steven CUNLIFFE,
*Plaintiff,*

*v.*

John POMPLIN
and Emerald People's Utility District,
*Defendants.*

John POMPLIN,
*Third-Party Plaintiff - Respondent,*

*v.*

EMERALD PEOPLE'S UTILITY DISTRICT,
*Third-Party Defendant - Appellant.*

(16-88-03664; CA A60854)

794 P2d 816

Gerald A. Martin, Bend, argued the cause for third-party defendant - appellant. With him on the brief was Francis & Martin, Bend.

Greg Veralrud, Eugene, argued the cause and filed the brief for third-party plaintiff - respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought an action against his supervisor, Pomplin, and their public employer, Emerald People's Utility District (Emerald). He alleged that various acts of a violent or aggressive kind were committed by Pomplin "in his capacity as Plaintiff's superior and supervisor." Pomplin tendered the defense of his claim to Emerald, ORS 30.287(1), and Emerald rejected it. The apparent bases for the rejection were that the acts were not committed in the course of Pomplin's employment and that his conduct was malfeasance or constituted wilful or wanton neglect of duty. Pomplin then brought a cross-claim against Emerald, seeking indemnity for his defense costs. The trial court dismissed plaintiff's action, because he had not complied with the notice requirement of the Tort Claims Act.[1] It then found that Emerald had not conducted "any investigation" before rejecting Pomplin's defenses, and it entered judgment for him on the cross-claim. Emerald appeals, contending that the trial court erred in its ruling on the cross-claim. We affirm.

ORS 30.285 provides, in relevant part:

"(1)    The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"(2)    The provisions of subsection (1) of this section do not apply in case of malfeasance in office or wilful or wanton neglect of duty."

ORS 30.287(1) provides:

"If any civil action, suit or proceeding is brought against any officer, employee or agent of a local public body other than the state which on its face falls within the provisions of ORS 30.285 (1), or which the officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the officer, employee or agent may file a written request for counsel with the governing body of the public body. The governing body shall thereupon engage counsel to appear and defend the officer, employee or agent

---

[1] That ruling is not involved in this appeal.

unless *after investigation* it is determined that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or wilful or wanton neglect of duty, in which case the governing body shall reject defense of the claim." (Emphasis supplied.)

Emerald appears to challenge both the finding that it conducted no investigation, other than its review of plaintiff's complaint against Pomplin, and the legal standard that the trial court applied. Emerald characterizes the court's standard as being that, "regardless of the nature of the claim, a public body must do a formal documented investigation before it can decline" a tender.

■ Emerald argues that there was evidence of an investigation. It points to (1) a letter from its general counsel to its trial counsel; (2) evidence that plaintiff and Pomplin were roommates and had extensive personal relations outside the job; (3) evidence that both had resigned in lieu of discharge after it was discovered that they tampered with electric meters; and (4) evidence derived from Pomplin's deposition, taken *after* Emerald's rejection of the tender. Our review of item (1) does not bear out the suggestion that it was part of or memorialized an investigation. Indeed, it seems instead to be a reminder to the trial attorney that an investigation had to be conducted. For reasons we will discuss in our analysis of plaintiff's complaint, item (2) has no conclusive significance; moreover, it is simply a recitation in item (1). So is item (3), and it is also irrelevant. Item (4) is not germane, because the deposition occurred after the tender was refused. The finding that there was no investigation is supported by the record.

■ Emerald's legal argument is somewhat more complex. ORS 30.287(1) does not define the nature and scope of the investigation that it requires. However, the court said in *Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980):

"[U]nder our statutory scheme, public employees have, in addition to the immunity expressly provided by statute, the right to call upon their employer to defend any action and pay any judgment based on the performance of their duties unless the claim is based on aggravated misconduct. *Whether the limited exceptions apply is determined not by the allegations of the third party's complaint but by the Attorney General*

*after investigation. ORS 30.285(3)."* 290 Or at 13. (Footnote omitted; emphasis supplied.)

ORS 30.285(3) contains an investigation requirement for claims against state employees that parallels the investigation provision in ORS 30.287(1). Accordingly, *Stevenson* lends support to Pomplin's and, apparently, the trial court's view that the requirement of an investigation cannot be satisfied by a mere review of the allegations against an employee who tenders a defense. In any event, even if the quoted language was intended to state something short of a general rule, a review of plaintiff's complaint against Pomplin could not have constituted a satisfactory investigation on which a refusal of the defense could be based. The complaint alleged that Pomplin was acting in his employment capacity. Whatever the personal relationship between him and plaintiff may have been, nothing in the complaint suggests that his charged conduct did not arise out of his on-the-job relationship with plaintiff. There is no mutual exclusivity between a work relationship and a personal one. Similarly, if the asserted misconduct was a wilful or wanton neglect of duty, that fact could not be ascertained without some inquiry into the details of and the circumstances underlying the allegations.

As an abstract proposition, we might agree with Emerald that the investigation requirement of ORS 30.287(1) is more flexible than Pomplin contends and that it might vary with the circumstances of particular cases. It may also be that a governmental body's determination of what investigative measures are called for is, to some extent, discretionary and not readily susceptible to judicial examination. Here, however, the trial court found that Emerald did nothing, except review a complaint that could disclose nothing to support its rejection of the tender.

Affirmed.