Argued and submitted June 16, affirmed August 4, 2004

# GENESIS INDEMNITY INSURANCE COMPANY,
## a Connecticut corporation,
### *Respondent,*

*v.*

# DESCHUTES COUNTY,
## a political subdivision of the State of Oregon,
### *Appellant.*

## 01 CV 0386 ST; A121898

95 P3d 748

Mark P. Amberg argued the cause and filed the briefs for appellant.

Jeffrey V. Hill argued the cause for respondent. With him on the brief were Bradford H. Lamb and Zarosinski & Hill, LLP.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

This is an action for indemnity in which plaintiff insurer sought to recover from defendant Deschutes County (the county) the costs that plaintiff incurred in defending its insureds, who were the county's agents, in an action arising from the agents' performance of their duties for the county. The county appeals from partial summary judgment for plaintiff. Although other issues also are presented, the primary question on appeal is whether the county's statutory duty to defend and indemnify its agents was superseded by plaintiff's having provided them with a defense based on its contractual duty to do so. *See* ORS 30.287(5). We draw the following facts from the record on summary judgment and present them, and all reasonable inferences that we draw from them, in the light most favorable to the county. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). We affirm.

Plaintiff provided liability insurance coverage to its insureds, Cal Krosch and Krosch's company, Veritas Investigations, Inc.[1] In January 1999, the county hired Krosch and Veritas to investigate possible wrongdoing, including possible theft, misuse of position, and misuse or misappropriation of public property by a former county parole and probation officer, Tom Johnson. In March 1999, as a result of the investigation, the county terminated Johnson's employment. Johnson then filed an action against his supervisor, the county, Krosch, and Veritas for wrongful discharge, defamation, negligence, and other torts. Among other allegations, Johnson alleged that his supervisor conspired with Krosch and Veritas to terminate Johnson's employment in retaliation for Johnson's complaints about conditions at the Deschutes County Jail. All of the claims against Krosch and Veritas were based on the investigation that they performed on behalf of the county.

Krosch and Veritas tendered the defense of the Johnson action to the county. In a letter dated September 14, 1999, the county's counsel rejected Krosch's tender on the

---

[1] Krosch was Veritas's sole shareholder and employee.

ground that Krosch "was acting on behalf of Veritas and was not acting as an officer, employee or agent of [the county]." The letter stated that the county agreed to defend Veritas, but that the county "does not agree at this time to indemnify or save harmless Veritas with respect to the claims." In the letter, the county also reserved the right to withdraw its defense of Veritas if, among other possible reasons, "it is determined that an act or omission amounted to malfeasance in office [or] willful or wanton neglect of duty on the part of Veritas and/or Cal Krosch as an employee of Veritas."[2] The letter indicated that the county had made its decisions "[a]fter investigation." However, the county did not provide any information as to what the investigation entailed.

In September 1999, the county retained an attorney to defend Veritas in the Johnson action. In October 1999, plaintiff retained the same attorney to defend both Krosch and Veritas, subject to a complete reservation of its own rights. Thereafter, plaintiff conducted all aspects of the defense.

In August 2001, plaintiff brought this declaratory judgment action seeking a declaration that the county was obligated to defend and indemnify Veritas and Krosch with respect to the Johnson action and seeking judgment against the county for the amount of the attorney fees and costs that plaintiff had incurred in defending them. In its answer to the complaint, the county alleged, among other defenses, that plaintiff had waived its claims against the county by voluntarily defending Krosch and Veritas in the Johnson action and that, even if Krosch and Veritas were the county's agents, their actions as described in the Johnson complaint constituted "willful or wanton neglect of duty," thereby excusing the county from any duty to defend or indemnify them.

Plaintiff filed a motion for partial summary judgment on the county's duty to defend and to indemnify plaintiff for its attorney fees and costs incurred in the Johnson

---

[2] Plaintiff presented evidence that the county capped the cost of its defense of Veritas at $10,000. The county disputes that evidence, noting that no such limitation was stated in the September 14 letter.

action. The trial court granted the motion, and the county appeals from the ensuing judgment that the court entered pursuant to ORCP 67 B.[3]

■    Before discussing the county's assignments of error, we begin with a caveat. This is an action for common-law indemnity between parties who have no contractual relationship with each other. A party asserting an entitlement to common-law indemnity must prove three elements:

> "In an action for indemnity, the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter. The last requirement means that, although the claimant must have been legally liable to the injured third party, his liability must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' "

*Fulton Ins. v. White Motor Corp.*, 261 Or 206, 210, 493 P2d 138 (1972), *superseded on other grounds as stated in Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 8 P3d 200 (2000) (citations omitted). In *Piehl v. The Dalles General Hospital*, 280 Or 613, 571 P2d 149 (1977), the court addressed the contours and content of the third, relative responsibility, component of common-law indemnity. It held that the essential principle of common-law indemnity is the "equitable distribution of responsibility" and that "there can be no all-encompassing rule." *Id.* at 620. Here, the county does not specifically focus on the third element. Accordingly, we do not consider that issue.

■    On appeal, the county raises three assignments of error. First, the county asserts that genuine issues of material fact precluded summary judgment on the issue whether it owed Krosch and Veritas duties of defense and indemnity under ORS 30.285 and ORS 30.287. ORS 30.285 provides, in part:

> "(1)  The governing body of any public body shall defend, save harmless and indemnify any of its officers,

---

[3] The trial court did not resolve plaintiff's claim for declaratory relief.

employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"(2) The provisions of subsection (1) of this section do not apply in case of malfeasance in office or willful or wanton neglect of duty."

ORS 30.287(1) provides:

"If any civil action, suit or proceeding is brought against any officer, employee or agent of a local public body other than the state which on its face falls within the provisions of ORS 30.285(1), or which the officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the officer, employee or agent may file a written request for counsel with the governing body of the public body. The governing body shall thereupon engage counsel to appear and defend the officer, employee or agent unless after investigation it is determined that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty, in which case the governing body shall reject defense of the claim."

The county concedes, for present purposes, that Johnson's claims against Krosch and Veritas involved acts or omissions occurring in the performance of their duties to the county. Further, the county does not contend that their conduct, as described in Johnson's complaint, constituted "malfeasance" within the meaning of ORS 30.285(2) and ORS 30.287(1). The county asserts, rather, that "it is possible" that the actions described in Johnson's complaint "could constitute willful or wanton neglect of duty[.]" In support of that assertion, the county relies on several allegations in the Johnson complaint concerning statements that Krosch allegedly made about Johnson. The county states that it

"believes that the statements made by Krosch with respect to Mr. Johnson's activities are true. However, if it is determined that any of the statements made by Mr. Krosch were not true and that Mr. Krosch had no reasonable basis in fact to make any such statement, this would constitute 'willful

or wanton neglect of duty,' thereby eliminating any duty of [the county] to defend and indemnify Veritas and Krosch."

According to the county, its letter stating that its decisions not to defend Krosch and to defend Veritas on the stated terms were made "after investigation" was sufficient, even in the absence of evidence as to the nature, intensity, or result of the investigation, to create a triable issue as to whether it had a duty under ORS 30.285(1) and ORS 30.287(1) to defend and indemnify Krosch and Veritas.

The quoted statements defeat the county's first assignment of error. Assuming without deciding that the bare assertion that the county made its decisions "after investigation" was sufficient to create a triable issue of fact as to whether an investigation actually occurred,[4] there was no evidence in the record that the county determined that Krosch and Veritas had willfully or wantonly neglected their duty. In fact, even now, the county has made no such determination. Because the county does not contend that, after investigation, it "determined" that "the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty," it may not take refuge in the exception upon which it relies.

■ In its second assignment of error, the county contends that triable issues of fact exist as to whether, by voluntarily assuming the defense of its insureds, plaintiff waived any right to require the county to defend or indemnify them in the Johnson action. The county notes that, since October 1999, plaintiff, through retained counsel, has "conducted all aspects of the defense of the [i]nsureds in the Johnson Litigation." The county also asserts that there are material issues of fact as to whether it ever declined to defend Veritas or limited its defense of Veritas and that those disputed facts are pertinent to the waiver defense.

■■ Waiver is the intentional relinquishment of a known right. *See, e.g., Bennett v. Farmers Ins. Co.*, 332 Or 138, 156,

---

[4] ORS 30.287(1) does not define the nature and scope of the investigation that it requires. However, "the requirement of an investigation cannot be satisfied by a mere review of the allegations against an employee who tenders a defense." *Cunliffe v. Pomplin*, 102 Or App 403, 407, 794 P2d 816, *rev den*, 310 Or 422 (1990).

26 P3d 785 (2001); *Crain v. Siegel*, 151 Or App 567, 573, 950 P2d 382 (1997). Waiver must be manifested in an unequivocal manner. *Id*. Here, there is no evidence in the record that, in defending its insureds, plaintiff intentionally relinquished its right to assert that the county had a primary duty to do so. To the contrary, it is undisputed that plaintiff undertook the defense of its insureds subject to a complete reservation of its own rights. It may be, as the county contends, that there is a genuine disagreement between the parties as to whether the county limited its defense of Veritas. However, the county does not explain how that factual dispute—assuming it exists—is relevant to whether plaintiff intentionally waived its right to insist that the county defend Krosch and Veritas. We conclude that the county's second assignment of error is without merit.

■     In its third assignment of error, the county asserts that the trial court erred by determining that its duty to defend Krosch and Veritas was not "superseded by an obligation of [p]laintiff to defend Veritas and Krosch pursuant to ORS 30.287(5)." ORS 30.287(5) provides, in part, that "[t]he provisions of this section may be superseded to the extent that the claim against the public officer, employee, or agent may be defended by any insurer * * * in which case the provisions of the policy of insurance * * * are applicable." According to the county, that statute makes primary *any* insurer's contractual obligation to defend its insured who is sued under the Oregon Tort Claims Act (OTCA), even if the policy insures only an officer, employee, or agent of a public body, not the public body itself.

The county acknowledges that, in *United Pacific / Reliance Ins. v. Horace Mann Ins.*, 65 Or App 21, 670 P2d 172 (1983), this court held that ORS 30.287(5), then numbered ORS 30.287(6), does not affect the applicability of ORS 30.285(1). In *Horace Mann Ins.*, a public school student was injured in a chemistry experiment. The student sued both her teacher and the school district for personal injuries under the OTCA. Both defendants had liability insurance coverage. After settling the student's claim, the district's insurer sued the teacher's insurer for contribution. We stated:

"[A]s long as [the teacher] was executing his job responsibilities when the student was injured—a point which plaintiff concedes for the purpose of this appeal—ORS 30.285(1) mandates that the school district alone must pay damages for [the teacher's] negligence. [The teacher's] policy does not provide coverage for the district's liability under ORS 30.285(1)."

*Id.* at 25. We held that ORS 30.287(5) "does not affect the applicability of ORS 30.285(1) here." *Id.* at 25-26 n 3.[5]

The county concedes that our decision in *Horace Mann Ins.* is controlling here.[6] However, the county asserts that *Horace Mann Ins.*, which predated the adoption of the Supreme Court's current statutory construction methodology, was wrongly decided. As the county sees things, the legislature's choice of the adjective "any" as a modifier for

---

[5] In *Horace Mann Ins.*, the district's insurer also argued that the teacher's insurer could not be subrogated to the teacher's right to indemnification by the district. We disagreed with that characterization of the problem:

"The issue is not one of subrogation. [The teacher] is not responsible to pay damages for his negligence so long as he was acting within the scope of his employment. No obligation can arise in favor of the school district because of its having incurred damages for [the teacher's] negligence, because ORS 30.285(1) mandates that the district indemnify [the teacher]. One who must indemnify another cannot claim contribution from that person. Consequently, we conclude that the district's insurer cannot claim contribution from [the teacher's] insurer."

*Id.* at 27.

[6] In *Fircrest Poultry Farms Co. v. State of Oregon*, 82 Or App 695, 728 P2d 968 (1986), *rev den*, 302 Or 657 (1987), the state and its agent had been sued for wrongful death and personal injuries under the OTCA. The state had no separate insurance for the subject claims. However, the agent's liability policy also insured the state against negligence claims. The agent's insurer nonetheless sought indemnity from the state under ORS 30.285 for the costs of defending and paying the claims. We rejected the insurer's argument. In doing so, we distinguished *Horace Mann Ins.*, explaining that, in that case,

"the school district had obtained a policy from United Pacific that insured the district against liability for its employes' torts. Its employe had obtained a policy from Horace Mann, which insured only the employe. We held that United Pacific could not obtain contribution from Horace Mann, because the latter did not insure the district against the claims arising out of the incident. United Pacific did. Here, the public body did *not* obtain its own policy."

*Fircrest Poultry Farms Co.*, 82 Or App at 698 n 3 (emphasis in original).

Unlike the state in *Fircrest Poultry Farms Co.*, the county here does not assert that it was an additional insured under the relevant policy. That case therefore is inapposite here.

"insurer" in ORS 30.287(5) reflects a deliberate determination to make primary, despite ORS 30.285(1), any insurance policy that covers an act or omission subject to the OTCA, even a policy that insures only an officer, employee, or agent of the public body and not the public body itself.

■     The county's entreaty notwithstanding, we adhere to our previous construction of ORS 30.287(5). In construing a statute, we look first to its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). By its terms, ORS 30.287(5) contemplates only the superseding of "[t]he provisions of *this section.*" (Emphasis added.) Thus, ORS 30.287(5) does not, in any respect, supersede the provisions of ORS 30.285.

ORS 30.285(1) applies to any public body, including local public bodies such as the county. Again, that statute required the county's governing body to "defend, save harmless and indemnify" Krosch and Veritas "against any tort claim or demand" that arose "out of an alleged act or omission occurring in the performance of duty." When the public body is the state, ORS 30.285(3) describes the requirement for engaging the Attorney General to appear and defend the state office, employee, or agent. ORS 30.287(1), on the other hand, applies when the public body is other than the state, and it requires a local public body to "engage counsel" in order to fulfill the duties imposed by ORS 30.285(1). It is, in effect, the equivalent of ORS 30.285(3) for local governments, but it does not eliminate the local governments' obligation under ORS 30.285(1) to defend, save harmless, and indemnify the agent. ORS 30.287(5) supersedes only the provisions of ORS 30.287, regarding the local public body's obligation to engage counsel.

It makes sense that the specific obligation under ORS 30.287(1) to engage counsel would be superseded where a local public body *itself*, along with its agents, is entitled to a defense by an insurer against a claim and that, without supplanting the public body's duties to defend and indemnify its agents under ORS 30.285(1), ORS 30.287(5) would so provide. Here, however, the county did not have insurance that provided a defense for its agents, nor does the county assert that it was an additional insured entitled to a defense under

the policy issued by plaintiff. Thus, despite ORS 30.287(5), the trial court correctly concluded that the county's duties to defend and indemnify Krosch and Veritas were not superseded by plaintiff's provision of their defense.

Affirmed.